UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| DATACLOUD TECHNOLOGIES, LLC, <br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br> Defendant. | CIVIL ACTION NO. 6:21-cv-00662 <br><br> **JURY TRIAL DEMANDED** |
|---|---|

# ORIGINAL COMPLAINT

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant Charter Communications, Inc. (hereinafter, "Defendant" or "Charter") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C, Exhibit D**, **Exhibit E, Exhibit F,** and **Exhibit G,** respectively:

|   | U.S. Patent No. | Title |
|---|---|---|
| A. | 6,560,613 | Disambiguating File Descriptors |
| B. | 6,651,063 | Data Organization And Management System And Method |
| C. | 6,824,064 | Concurrent Communication With Multiple Applications On A Smart Card |
| D. | 7,209,959 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network |
| E. | 8,370,457 | Network Communication Through A Virtual Domain |
| F. | 8,607,139 | System And Process For Managing Content Organized In A Tag-Delimited Template Using Metadata |
| G. | 8,762,498 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |

2. Plaintiff seeks monetary damages.

## PARTIES

3.     DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4.     Based upon public information, Charter is a corporation duly organized and existing under the laws of the state of Delaware since at least July 9, 2003 and possibly as early as September 20, 1988 or even May 4, 1970.

5.     Based upon public information, Charter has its principal place of business located at 400 Atlantic Street, Stamford, Connecticut, 06901 (Fairfield County).

6.     Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin Texas 78701.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8.     The Court has personal jurisdiction over Charter because: Defendant has minimum contacts within the State of Texas and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant has established offices in the State of Texas and is registered to do business the State of Texas; Defendant regularly conducts business within the State of Texas and within this District; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in

this District.

9. More specifically, Charter directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.

10. Based upon public information, Charter solicits customers in the State of Texas and in this District and has many paying customers who are residents of the State of Texas and this District and who use its products in the State of Texas and in this District.

11. Charter has regular and established places of business throughout this District where it operates, sells, services, develops, designs, and/or markets and has operated, sold, serviced, developed, designed, and/or marketed during the relevant period of infringement, one or more of its infringing products at several facilities in this District, including at its facilities located at 215 Factory Dr., Waco, Texas 76710; 2720 West Loop 340, Waco, Texas 76711; 201 East Central Texas Expressway, Suite 645, Harker Heights, Texas 76548; 3034 S. 31st St., Temple, Texas 76502; 1325 George Dieter, Suites CE02 & CE03, El Paso, Texas 79936; 6510 North Mesa, El Paso, Texas 79912; 7010 Airport Rd., El Paso, Texas 79906; 3151 SE Military Dr., Suite 101, San Antonio, Texas 78223; 6301 NW Loop 410, San Antonio, Texas 78238; 11745 IH 10 West, Suite 410, San Antonio, Texas 78230; 1109 E 5th Street, Block 3, Austin, TX 78702; 1000 East 41st Street, Suite 920, Austin, Texas 78751; 11920 Alterra Parkway, Suite 134, Austin, Texas 78758.

12. On information and belief, Charter also maintains regular and established places of business in this District, including by maintaining and operating communications networks in this

District, including on cellular towers and other installation sites owned or leased by Charter[1] and by maintaining or controlling a newsroom.[2] Also, Charter is engaged in activities including: transacting business in this district and purposefully directing its business activities, including the installation, maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods to this District to aid, abet, or contribute to the infringement of third parties in this District.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Charter has a number of regular and established places of business in Texas and this District, the allegations of infringement involve actions within Texas and this District. Charter is also registered to do business in the State of Texas, has offices in the State of Texas, has transacted business in the Western District of Texas, and has committed acts of direct and indirect infringement in the Western District of Texas.

## BACKGROUND INFORMATION

14. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO") after full and fair examinations.

15. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

16. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287

---

[1] Charter offers telecommunications services to "state and local government, public education, and other public entities in Texas" through the Texas Department of Information Resources in Austin. *See e.g.,* https://dir.texas.gov/View-Search/Contracts-Detail.aspx?contractnumber=DIR-TEX-AN-NG-CTSA-008. It also offers telecommunication services to customers in Waco, Texas. *See e.g.,* https://broadbandnow.com/Texas/Waco?zip=76710; https://broadbandnow.com/ Charter-Communications.

[2] 1708 Colorado St., Austin, TX 78701.

with respect to the Patents-in-Suit.

17. Plaintiff does not sell, offer to sell, make, or use any products itself, so it does not have any obligation to mark any of its own products under 35 U.S.C. § 287.

18. By letter dated November 4, 2020, DataCloud's licensing agent sent Defendant information in which it identified DataCloud's patent portfolio, which included the Patents-in-Suit. *See* **Exhibit H** (hereinafter, the "Licensing Letter"). By letter dated February 5, 2021, DataCloud put Defendant on notice of its infringement of four of the Patents-in-Suit (the '063 Patent, the '064 Patent, the '959 Patent, and the '498 Patent. *See* **Exhibit I** (hereinafter, the "Notice Letter"). By letter dated April 23, 2021, Defendant acknowledged receipt of the Notice Letter. *See* **Exhibit J** (hereinafter, the "Response Letter")**.**

## DEFENDANT'S PRODUCTS AND SERVICES

19. Based upon public information, Charter owns, operates, advertises, and/or controls the websites www.charter.com and www.spectrum.com through which it advertises, sells, offers to sell, provides and/or educates customers about its infringing products. *See* **Exhibit K and Exhibit L.** Based upon public information, Charter also operates, advertises, and/or controls its offices in Waco, Austin, El Paso, and San Antonio through which it advertises, sells, offers to sell, provides and/or educates customers about its infringing products. *See, supra,* ¶11.

20. Based upon public information, Defendant provides training and educational information for its products. *See* **Exhibit M** and **Exhibit N.**

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,560,613

21. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

22. U.S. Patent No. 6,560,613 (hereinafter, the "'613 Patent"), was issued on May 6, 2003 after full and fair examination by the USPTO of Application No. 09/500,212 which was filed

on February 8, 2000.  *See* Ex. A.  A Certificate of Correction was issued on August 26, 2003.  *See id.*

23. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '613 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its "VMware Cloud Services" product.

24. Upon information and belief, Charter's VMware Cloud Services meets each and every element of at least Claim 8 of the '613 Patent, either literally or equivalently.

25. Based upon public information, Charter's VMware Cloud Services has infringed one or more claims of the '613 Patent, including Claim 8, because it provides a method for disambiguating file descriptors in a computer system through a process which intercepts the system calls that store files on media, stores one or more file type indicators for each file descriptor in a table, and determines what file type is associated with the file descriptor based on a review of the stored file type indicators.  Charter's VMware Cloud Services, which uses VMware and virtualizaton, including through at least VMware NSX Network/vSphere/vCloud Availability for vCloudDirector, employs disambiguation of file descriptors (files/sockets/pipes) that are used in shadowed I/O system call routines by intercepting them, storing related indicators (*e.g.*, reference to images), and examining those stored indicators to determine the associated file type.

26. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

27. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35

U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,651,063

28. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

29. U.S. Patent No. 6,651,063 (hereinafter, the "'063 Patent"), was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. *See* Ex. B. A Certificate of Correction was issued on February 3, 2004. *See id*.

30. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its "My Spectrum" smartphone application (the "Spectrum Android App") product.

31. Upon information and belief, the Spectrum Android App meets each and every element of at least Claim 4 of the '063 Patent, either literally or equivalently.

32. Based upon public information, the Spectrum Android App has infringed one or more claims of the '063 Patent, including Claim 4 because it provides a method for providing information to one or more user by storing information in an "information pack" (uploading to servers/saving APK/image files, *e.g.*, My Spectrum_v8.17.0_apkpure.com.apk) associated with a user destination address (*e.g.*, "2607:f8b0:4009:805::200e") associated with a plurality of data repositories (*e.g.*, "SM-J337A\Phone\Android\data . . . ") associated with at least one of those users (*e.g.*, "SM-J337A") and associating that information pack with a "provider identifier" (*e.g.* "Bright House Networks"). The information pack is sent to the specified data repository (*e.g., via* TCP) associated the user (*e.g.*, "com.brighthouse.mybhn") and located in a location in the repository associated with the user destination address reserved for information (*e.g.,* data directory)

corresponding to a category to which said category identifier corresponds (*e.g.,* category identifier of the "data" directory under "Android"); and associating a custom category identifier (*e.g.,* a "Modulus" for Spectrum Android App as indicated after analysis at https://www.sisik.eu/cert) with said information pack sending a custom category signal (*e.g.,* indication of last "Updated") to a processing station uniquely associated with the user data repository including a data storage means and a data processing means (*e.g.,* requested permissions for Spectrum Android App as indicated after analysis at https://www.sisik.eu/apk-tool), the data storage means storing together the custom category identifier and provider identifier (*e.g.,* also as indicated for Spectrum Android App after analysis at https://www.sisik.eu/apk-tool), and analyzing the provider identifier (*e.g.*, Android APK files contain a signature which allows to identify the author of the APK file) of subsequent information packs (*e.g.*, updates), comparing the provider identifier of subsequent information packs with the provider identifier stored in the storage means (*e.g.*, verify that the updated version comes from the same author). If it matches, the subsequent information packs are placed in the custom location (*e.g.,* the update is completed).

33. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

34. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,824,064

35. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

36. U.S. Patent No. 6,824,064 (hereinafter, the "'064 Patent"), was issued on

November 30, 2004 after full and fair examination by the USPTO of Application No. 09/730,670 which was filed on December 6, 2000.  *See* Ex. C.

37. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '064 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its "Spectrum Mobile SIM Card."

38. Upon information and belief, the Spectrum Mobile SIM Card meets each and every element of at least Claim 5 of the '064 Patent, either literally or equivalently.

39. Based upon public information, the Spectrum Mobile SIM Card has infringed one or more claims of the '064 Patent, including Claim 5, because it schedules multiple applications (Java applications on application provider security domains and issuer security domains) on a "smart card" (the Spectrum Mobile SIM Card) by logically partitioning  memory on the card into a plurality of memory blocks (*e.g.,* memory is in the ST33GIM2 integrated circuit and there are multiple blocks, including at least one memory block for runtime areas of the Java Card VM); allocates at least one memory block (*e.g.*, memory management) for the application in response to a declaration for the application of its memory needs (*e.g.*, allocating memory for the applet inside the constructor); schedules the application for execution (*e.g.*, CardServicesScheduler *via* a scheduler) in response to that allocation only if the its declared memory needs have been satisfied (*e.g.*, a "CardServiceException is thrown if not satisfied); and executes the application in a virtual machine (*e.g.*, JKernel) and communicates with the virtual machine to control scheduling (*e.g.*, initializes it) to a predetermined granularity (*e.g.*, take exclusive access to the card).

40. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

41. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,209,959

42. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

43. U.S. Patent No. 7,209,959 (hereinafter, the "'959 Patent"), was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000. *See* Ex. D.

44. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Spectrum Business Sitebuilder and Business Web Hosting (the "Spectrum Business Web Hosting" product).

45. Upon information and belief, Spectrum Business Web Hosting meets each and every element of at least Claim 1 of the '959 Patent, either literally or equivalently.

46. Based upon public information, Spectrum Business Web Hosting has infringed one or more claims of the '959 Patent, including Claim 1, because it provides a method of, in response to a request (*e.g.*, ""Client Hello") by a client (*e.g.*, 10.0.0.3) to initiate communication with a destination website (*e.g.*, spectrum.net); setting up a forwarding session (*e.g.*, from the internet to a WWW server) between the client (*e.g.*, internet device) and a destination server corresponding to the destination website (*e.g.*, WWW server), the forwarding session employing a forwarder disposed between (*e.g.*, a front-end server switch) the client and the destination server to forward

packets sent from the client to the destination server and to forward packets sent from the destination server to the client (*e.g.*, bilateral communications); employing the forwarder (*e.g.* front-end server switch), to transfer packets (*e.g.,* ethernet or others) between the client (*e.g.*, internet device) and the destination server (*e.g.*, WWW server) during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder (*e.g.*, the WWW server has a direct TCP connection between a local address of, say, 172.31.15.21:22 and a client address of, say, 96.72.88.222:64947; thus, neither the client or the destination server is aware of the employment of the forwarder); employing a controller configured to communicate (*e.g.*, firewall) with the forwarder (*e.g.*, front-end server switch) and a domain name server (*e.g.*, a DNS), wherein the controller queries the domain name server to resolve the name of the destination website (*e.g.*, spectrum.net) associated with the destination server (*e.g.*, WWW server) and initiates communication (*e.g.*, between the firewall and front-end server switch) with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver (*e.g.*, router) configured to communicate with the controller (*e.g.*, firewall) and the client (*e.g.*, internet device), wherein the deceiver receives the request by the client to initiate communication (*e.g.*, from the internet to the router) with the destination website (*e.g.*, spectrum.net on a WWW server) and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server (*e.g.*, the router both (i) receives the request and (ii) sends the data from the WWW server in a manner that makes the router appear to be the source of the data, when the source of the data is actually the WWW server);  and in response to the controller (*e.g.*, router) receiving the answer from the domain name server and initiating communication with

the forwarder initiating the forwarding session.

47.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

48.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,370,457

49.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

50.     U.S. Patent No. 8,370,457 (hereinafter, the "'457 Patent"), was issued on February 5, 2013 after full and fair examination by the USPTO of Application No. 11/717,911 which was filed on March 13, 2007.  *See* Ex. E.  A Certificate of Correction was issued on March 18, 2004. *See id.*

51.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '457 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Wave 2 Routers, including model numbers RAC2V1S, RAC2V1K, and RAC2V1A (the "Spectrum Wave 2 Routers").

52.     Upon information and belief, the Spectrum Wave 2 Routers meet each and every element of at least Claim 9 of the '457 Patent, either literally or equivalently.

53.     Based upon public information, the Spectrum Wave 2 Routers have infringed one or more claims of the '457 Patent, including Claim 9, because it provides a method that establishes a forwarding internet protocol (IP) address (*e.g.*, the WAN interface will be the forwarding IP

address based on either (i) DHCP or (ii) statically configured) for a pre-defined combination of a client IP address and a destination IP address (*e.g.*, in the "Net Service Filter" settings both "Source IP" and "Destination IP," respectively, can be set), identifies, in a data request received from the client IP address (*e.g.,* "[w]hen running in White List mode, it only lets certain packets get through the WiFI Router"), the pre-defined combination (*e.g., via* the "Network Services Filter"), and in response forwards (*e.g.,* data requests identified as matching the "Net Service Filter" in "White List mode" will be forwarded from the forwarding IP address (WAN IP) to the destination IP address).the data request *via* the forwarding IP address to the destination IP address.

54. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

55. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,607,139

56. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

57. U.S. Patent No. 8,607,139 (hereinafter, the "'139 Patent"), was issued on December 10, 2013 after full and fair examination by the USPTO of Application No. 10/834,595 which was filed on April 29, 2004. *See* Ex. F. A Certificate of Correction was issued on June 24, 2014. *See id.*

58. Based upon public information, Plaintiff is informed and believes that Defendant has infringed, and continues to infringe, one or more claims of the '139 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale,

sells, and/or advertises its "Spectrum Business Sitebuilder" product ("Spectrum Business Sitebuilder").

59. Upon information and belief, Spectrum Business Sitebuilder meets each and every element of at least Claim 1 of the '139 Patent, either literally or equivalently.

60. Based upon public information, Spectrum Business Sitebuilder has infringed and continues to infringe one or more claims of the '139 Patent, including Claim 1 because it provides a processor (*e.g.*, CPU), coupled to a memory (*e.g.*, RAM), configured to execute or facilitate execution of computer-executable components that has a content management component (*e.g.*, the "Spectrum Business Sitebuilder" hosting application uses "Plesk Sitebuilder Wizard") that displays a graphical interface based on a metadata template (*e.g.*, a "design template"), that has an object that represents a structure and an appearance of a web page (*e.g.*, adding a "Feedback Form"), wherein the object is based on a class (*e.g.*, a "Feedback" template where you can add/edit "Feedback Form Fields") stored in a base template (*e.g.*, including a "Last name," "First name," E-mail," "Contact," "Comments," and "CAPTCHA"), and wherein the graphical interface (*e.g.*, a "Take Action" page) comprises an input field (*e.g.*, an "Email" field) corresponding to the object and defining a property of a data entry field (*e.g.*, a "Type" of "E-mail"), and generate a data entry form (*e.g.*, "Feedback") comprising the data entry field (*e.g.*, "Your email address"), wherein the data entry field is configured to accept input corresponding to content of the object (*e.g.*, a user may input an email address); and a web page generator configured to generate the web page based on the metadata template (*e.g.*, the Spectrum Business Sitebuilder allows a "Preview"), wherein the web page comprises the content represented by the input (*e.g.*, the working Feedback form is displayed).

61. Based upon public information, Defendant's customers use its products and

services in such a way that infringes one or more claims of the '139 Patent.

62. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '139 Patent in this District and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use Spectrum Business Sitebuilder in an infringing manner.

63. To the extent that Defendant is not the only direct infringer of one or more claims of the '139 Patent, it instructs its customers on how to use its Spectrum Business Sitebuilder in ways that infringe one or more claims of the '139 Patent through its support and sales activities. *See* Ex. M, Ex. N.

64. Despite knowledge of the '139 Patent as of its receipt of the Licensing Letter (Ex. H) or the Notice Letter (Ex. I), Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes one or more claims of the '139 Patent.  Based upon public information, the provision of and sale of Spectrum Business Sitebuilder is a source of revenue and a business focus for Defendant by virtue of information available on Defendant's websites including information brochures, promotional material, and contact information.  *See* Ex. K, Ex. L.

65. Based upon public information, Defendant specifically intends its customers to use its products and services in such a way that infringes one or more claims of the '139 Patent by, at a minimum, providing and supporting its Spectrum Business Sitebuilder and instructing its customers on how to use it in an infringing manner, at least through information available on Defendant's websites including information brochures, promotional material, and contact information.  *See* Ex. K, Ex. L, Ex. M, and Ex. N.

66. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using Spectrum Business Sitebuilder.

67. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

68. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,762,498

69. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

70. U.S. Patent No. 8,762,498 (hereinafter, the "'498 Patent"), was issued on June 24, 2014 after full and fair examination by the USPTO of Application No. 13/731,731 which was filed on December 31, 2012. *See* Ex. G.

71. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Spectrum Business Sitebuilder/Web Hosting ("Spectrum Web Servers").

72. Upon information and belief, the Spectrum Web Servers meet each and every element of at least Claim 1 of the '498 Patent, either literally or equivalently.

73. Based upon public information, Spectrum Web Servers have infringed one or more claims of the '498 Patent, including Claim 1, because it provides a method for determining, by a

controller device comprising a processor (*e.g.*, a router), a destination internet protocol (IP) address (*e.g.*, www.spectrum.net has an IP address of 52.71.37.188) from a plurality of categories for virtual names (*e.g.*, spectrum.net, sum5m.tk, and myspectrumloyalty.com) based on a virtual namespace destination address (*e.g.*, www.spectrum.net) specified by request data received from a device (request data in the form of "Client Hello" from, say 10.0.0.3), wherein a category (*e.g.*, spectrum.net) of the plurality of categories is related to the virtual namespace destination address (*e.g.*, www.spectrum.net), establishing a correlation between the destination IP address (*e.g.*, 52.71.37.188) and a forwarder IP address (IP address of the router) of a forwarder device (*e.g.*, the router); and instructing the forwarder device to send the request data to the destination IP address (*e.g.*, *via* SNI Routing)

74. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

75. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

76. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

77. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Charter;

    B. An adjudication that Charter has induced infringement of one or more claims

of the U.S. Patent No. 8,607,139 based upon pre-suit knowledge of those Patents;

C. An award of damages to be paid by Charter adequate to compensate Plaintiff for Charter's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Charter's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. That this Court find that Charter willfully infringed U.S. Patent No. 8,607,139;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Dated: June 24, 2021                              Respectfully submitted,


                                                  */s/ James F. McDonough, III*
                                                  **HENINGER GARRISON DAVIS, LLC**
                                                  James F. McDonough, III *
                                                  Jonathan R. Miller *
                                                  Travis E. Lynch *
                                                  3621Vinings Slope, Suite 4320
                                                  Atlanta, Georgia 30339
                                                  Telephone: (404) 996-0869, -0863, -0867
                                                  Facsimile: (205) 547-5502, -5506, -5515
                                                  Email: jmcdonough@hgdlawfirm.com
                                                  Email: jmiller@hgdlawfirm.com
                                                  Email: tlynch@hgdlawfirm.com

                                                  **ROZIER & HARDT, PLLC**
                                                  Jonathan Hardt (TX 24039906)*
                                                  1105 Nueces Street, Suite A
                                                  Austin, Texas 78701
                                                  Telephone: (210) 289-7541
                                                  Email: hardt@rh-trial.com

                                                  **ROZIER & HARDT, PLLC**
                                                  C. Matthew Rozier**
                                                       matt@rh-trial.com
                                                  1105 Nueces Street
                                                  Austin, Texas 78701
                                                  Telephone: (210) 289-7541

                                                  *Attorneys for Plaintiff DataCloud Technologies, LLC*


* admitted to W.D. Tex.
** admission to W.D. Tex. pending

**LIST OF EXHIBITS**

A. U.S. Patent No. 6,560,613
B. U.S. Patent No. 6,651,063
C. U.S. Patent No. 6,824,064
D. U.S. Patent No. 7,209,959
E. U.S. Patent No. 8,370,457
F. U.S. Patent No. 8,607,139
G. U.S. Patent No. 8,762,498
H. Letter dated November 4, 2020 from DataCloud's Licensing Agent ("Licensing Letter")
I. Letter dated February 5, 2021 from DataCloud's Counsel ("Notice Letter")
J. Letter dated April 23, 2021 from Charter's Associate General Counsel ("Response Letter")
K. Webpage: About Charter Communications
L. Webpage: Spectrum
M. Webpage: FAQs
N. Webpage: User Manuals