IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>　　　Defendant. | Civil Action No. 6:21-cv-00662-ADA |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(3) AND 12(b)(6)**

Defendant Charter Communications, Inc. ("Charter") moves, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss Plaintiff DataCloud Technologies, LLC's ("DataCloud") complaint for improper venue and, pursuant to Rule 12(b)(6), to dismiss Count V of its complaint for failure to state a claim. On September 22, 2021, counsel for the parties conferred in a good-faith attempt to resolve the matter by agreement. DataCloud stated that it opposed Charter's motion and intended to take venue discovery. Accordingly, the parties were unable to come to an agreement.

**I.      INTRODUCTION**

Charter neither owns nor leases property in this district, and has no employees here. Although DataCloud's complaint identifies several addresses, including a newsroom, where Charter allegedly operates, these sites are leased and operated by Charter's separate and distinct subsidiaries. Because Charter maintains all corporate formalities, the activities of its subsidiaries

cannot form the basis for venue. Accordingly, the Court should dismiss this case under Rule 12(b)(3).

In addition, Count V should be dismissed for failure to state a claim. DataCloud alleges in Count V that Charter infringes method claim 9 of U.S. Patent No. 8,370,457 ("'457 patent"). The complaint however does not allege that Charter (or anyone) performs every step of the claim 9. Rather, DataCloud merely asserts that Charter products "provide" (i.e., are capable of performing) the claimed method. *See* Dkt. 1 at ¶ 53. This is not enough to state a claim for direct infringement; nor does the count allege any theory of indirect infringement.

## II. STATEMENT OF FACTS

### A. Charter Has No Physical Presence in Texas.

Charter is a Delaware corporation with no physical presence in the Western District of Texas. Charter neither owns nor leases property in the district and has no employees in here. Declaration of Teresa Nelson ("Nelson Decl.") at ¶ 7; Declaration of Martin C. Armstrong ("Armstrong Decl.") at ¶ 4. Although DataCloud identifies several addresses in this district as locations where Charter purportedly operates, none of the locations are owned or leased by Defendant. Dkt. 1 at ¶¶ 11-12. Each location is owned or leased by Spectrum Gulf Coast, LLC, an indirect subsidiary of Charter. Nelson Decl. at ¶¶ 6-7. DataCloud also alleges that Charter maintains and operates cellular towers in this district. Dkt. 1 at ¶ 12. However, Charter does not operate any cellular towers or provide any mobile services in here. Declaration of Will Logan ("Logan Decl.") at ¶ 6. While a Charter subsidiary, Spectrum Mobile, LLC, does offer cellular service, it does not operate any cell towers; instead it partners with Verizon to provide service. *Id.*

Charter and its subsidiaries, including Spectrum Gulf Coast, LLC, observe all required corporate formalities separating them from each other, including the maintenance of their own

corporate books and records and meetings of shareholders, members and directors. Declaration of Daniel Bollinger ("Bollinger Decl.") at ¶ 8.

Nor does DataCloud have any connection to Texas. It is a Georgia limited liability company based in Alpharetta, Georgia. Dkt. 1 at ¶ 3. Since 2020, DataCloud has been conducting a litigation campaign, filing eleven patent infringement lawsuits—including nine cases in the District of Delaware and one case in the Western District of Washington. This action is the only one filed by DataCloud in the Western District of Texas. DataCloud does not allege that it has any connections to this district.

### B. DataCloud's Infringement Allegations.

Count V of DataCloud's complaint alleges only direct infringement. It identifies a single claim of the '452 patent, method claim 9, stating that Charter infringes by making, using, selling, etc. Spectrum Wave 2 Routers which "provide[] a method that" performs various allegedly claimed steps:

> 51. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '457 Patent, either literally or under the doctrine of equivalents, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Wave 2 Routers, including model numbers RAC2V1S, RAC2V1K, and RAC2V1A (the "Spectrum Wave 2 Routers").
>
> 52. Upon information and belief, the Spectrum Wave 2 Routers meet each and every element of at least Claim 9 of the '457 Patent, either literally or equivalently.
>
> 53. Based upon public information, **the Spectrum Wave 2 Routers have infringed** one or more claims of the '457 Patent, including because it provides a method that establishes a forwarding internet protocol (IP) address (*e.g.*, the WAN interface will be the forwarding IP address based on either (i) DHCP or (ii) statically configured) for a pre-defined combination of a client IP address and a destination IP address (*e.g.*, in the "Net Service Filter" settings both "Source IP" and "Destination IP," respectively, can be set), identifies, in a data request received from the client IP address (*e.g.*, "[w]hen running in White List mode, it only lets certain packets get through the WiFI Router"), the pre-defined combination (*e.g.*, via the "Network Services Filter"), and in response forwards (*e.g.*, data requests identified as matching the "Net Service Filter" in "White List mode" will be forwarded from the forwarding IP address (WAN IP) to the destination IP address). [sic] the data request via the forwarding IP address to the destination IP address.

DataCloud does not allege that Charter actually operates the Spectrum Wave 2 Routers in an infringing manner or performs any step of any claim of the '457 patent. Its complaint also does not include any allegations that Charter induces or contributes to infringement of the '457 patent.

## III.     LEGAL STANDARD

### A.     Rule 12(b)(3) Standards

Venue in patent cases is governed exclusively by Section 1400(b) of Title 28 of the United States Code. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1520-21 (2017). Under Section 1400(b), venue is proper either (1) in the district in which the defendant resides, or (2) where it has a regular and established place of business and has committed acts of infringement. 28 U.S.C. §1400(b). "[A] domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. To establish venue through the second avenue, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiff bears the burden of establishing that venue in this district is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020). Facts relating to venue pled in the complaint are accepted as true "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998)(citing *Home Ins. Co. v. Thomas Indus., Inc.,* 896 F.2d 1352, 1355 (11th Cir. 1990). A district court may look beyond the complaint when deciding a motion to dismiss based on improper venue. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009) (stating that under Rule 12(b)(3) a court may look at evidence beyond the facts alleged in the complaint and its attachments).

### B.     Rule 12(b)(6) Standards

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which is "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

An accused infringer can be liable for directly infringing a method claim only where it performs the method recited in the claim. *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006). Merely selling or offering to sell software containing instructions to perform a patented method does not infringe the method claim. *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). "[A] party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass." *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 Fed. App'x 504, 521 (Fed. Cir. 2016) (citing *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003)). Rather, "the direct infringer would be the party who put the apparatus to use to perform the patented method." *Philips*, 656 Fed. App'x at 521 (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014)).

## IV.    ARGUMENT

### A.     Venue Is Not Proper.

Charter is not incorporated in this district. Dkt. 1 at ¶ 4; Bollinger Decl. at ¶ 5. Thus, in order to establish venue, DataCloud must show that Charter has a regular and established place of business in this district. *See In re Cray Inc.*, 871 F. 3d 1355, 1360 (Fed. Cir. 2017). A regular and established place of business requires "a physical place" which must be "the place **of the defendant.**" at 1360 (emphasis added). In addition, "a 'regular and established place of business'

requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

Here, Charter has no physical places of business within this district. Nelson Decl. at ¶ 6. Nor does Charter have any employees in this district. Armstrong Decl. at ¶ 4. While Charter's subsidiary, Spectrum Gulf Coast, LLC, owns or leases facilities in this district, this is not sufficient to support venue.

As this Court has observed, [t]he presence of a wholly-owned subsidiary is not sufficient to establish venue for the parent corporation. *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). The Fifth Circuit has also observed that "Texas courts are loathe to merge the separate legal identities of parent and subsidiary." *See Miles v. American Telephone & Telegraph Company,* 703 F.2d 193, 195 (5th Cir.1983). A party seeking to erase those corporate distinctions bears the burden of establishing facts sufficient to justify such an extraordinary result. *See Coryell v. Phipps,* 128 F.2d 702, 704 (5th Cir. 1942), *aff'd,*317 U.S. 406, 63 S. Ct. 291, 87 L. Ed. 363 (1943).

This Court's holding in *Optic153* is instructive. There, defendant conceded that its wholly-owned subsidiary was present in Austin. *Optic153,* 2020 WL 3403076, at *2. However, the Court held that the presence of the subsidiary in this district is insufficient to find venue because the plaintiff did not establish that the defendant and its subsidiary failed to observe corporate formalities. *Id.* at *3. Here, Charter and Spectrum Gulf Coast, LLC maintain themselves as separate and distinct corporate entities. Bollinger Decl. at ¶ 8. DataCloud alleges no facts to the contrary. Thus, Spectrum Gulf Coast, LLC's interest in various facilities Texas cannot support venue over Charter.

Because Charter itself does not have any physical place of business in this district and the operations of its legally distinct and separate subsidiaries in this district cannot support venue, the Court should dismiss this action.

### B.   DataCloud Fails to Properly Plead Direct Infringement of the '457 Patent.

The complaint alleges that Charter's Spectrum Wave 2 Routers "meet each and every element of at least Claim 9" of the '457 patent "because [these routers] provide[] a method that" can perform the claimed method steps. Dkt. 1 at ¶¶ 52-53. However, DataCloud never alleges that Charter performs the ***claimed method***. The mere fact that Charter may provide Spectrum Wave 2 Routers to its customers, for example, cannot constitute infringement of a method claim because making, selling, offering for sale, or importing a product that can perform certain steps does not directly infringe a method claim. *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012); *cf. Ortiz & Assocs. Consulting LLC v. Microsoft Corp.*, No. 19-cv-8262, 2021 U.S. Dist. LEXIS 134284, at *9 (N.D. Ill. July 19, 2021) (sale of software does not infringe method claims). Direct infringement of a method claim requires that every step of the claimed method has been practiced. *Id.*

Moreover, DataCloud's alleged infringement theory requires a user of the Spectrum Wave 2 Routers to configure the device by setting the "Net List Filter" of the devices to a "White List mode" and setting "Source IP" and "Destination IP" addresses. *See id.* ("both "Source IP" and "Destination IP," respectively, ***can be set***"; "[w]hen running in White List mode") (emphasis added). However, DataCloud does not allege that Charter (or anyone) configures the Wave 2 Routers to infringe.

Accordingly, because DataCloud has failed to allege that Charter performs the claimed method steps, the Court should dismiss Count V of the complaint for failure to plead a claim even if it does not dismiss it, along with all of the other counts, for improper venue.

V. **CONCLUSION**

Venue is improper in this district. Simply alleging the existence of facilities owned or leased by an indirect subsidiary in this district is insufficient to overcome the facts establishing that the named Defendant has no offices, facilities, or employees, and therefore, no regular and established place of business in this district.  Accordingly, Plaintiff's complaint should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).  In addition, the Court should dismiss Count V of the complaint for failure to state a claim because plaintiff has failed to allege any acts that constitute infringement of the '457 patent.

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No.  00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 23, 2021.

*/s/ Deron R. Dacus*
Deron R. Dacus